## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No: 23-54240 |
| | ) | |
| FRG Enterprises, LLC, | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | Judge Hoffman |
| | ) | |

### APPLICATION OF DEBTOR PURSUANT TO FED. R. BANKR. P. 2014(A) FOR AN ORDER UNDER SECTION 327(A) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF BAILEY CAVALIERI LLC AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION

FRG Enterprises, LLC, the chapter 11 debtor and debtor-in-possession (the "Debtor" and/or "FRG"), submits this application (the "Application") for an entry of an order authorizing the Debtor's retention of Bailey Cavalieri LLC ("BC" or the "Firm") as its general bankruptcy counsel in this chapter 11 proceeding.  In support of this Application, the Debtor submits the Affidavit of Matthew T. Schaeffer and incorporates the Fox Declaration (as defined below). Further, the Debtor respectfully represents as follows:

### JURISDICTION

1.     This Court has jurisdiction over this Application under 28 U.S.C. § 1334.  Venue of this proceeding is proper pursuant to 28 U.S.C. § 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

2.     The statutory bases for the relief requested herein are sections 105(a), 327, 1107 and 1108 of title 11 of the United States Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), Rules 2014 and 5002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and LBR 2014-1.

4870-4587-9448v1

## II.    **BACKGROUND**

3.      On December 6, 2023 (the "Petition Date"), the Debtor commenced this case by filing a voluntary petition under Chapter 11 of Title 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code").

4.      The Court has jurisdiction over this case pursuant to 28 U.S.C. §§ 157(b)(1) and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue of this case is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

5.      A Subchapter V Trustee has been appointed in this case.

6.      The Debtor is an Ohio limited liability company created in July of 2022.  In September of 2022, the Debtor purchased substantially all of the assets of Fox's Food, LLC, a company that is owned by one of the owners of the Debtor and which operated Block's Bagels in Bexley.  As part of the sale, the Debtor assumed Fox's Food, LLC's lease in Bexley and in the North Market.  Following the sale, the Debtor opened Fox's Bagels and began operating new bagel restaurants in the Bexley and the North Market locations.  Fox's Food, LLC ceased operations entirely.

7.      On October 12, 2022, HB3, LLC ("HB3")(one of Fox's Food, LLC's primary suppliers) initiated a lawsuit in the Franklin County Common Pleas Court (the "State Court") against Fox's Food, LLC, the Debtor, Ronald Fox, Jeremy Fox, and Sammy's Bagels, LLC. HB3 argues, *inter alia*, that (i) FRG received a fraudulent transfer from Fox's Food LLC, (ii) FRG is subject to successor liability of Fox's Food, LLC's obligations under a supply agreement and a purported supplement agreement (collectively, the "Supply Agreement") as a "mere continuation" of Fox's Food, LLC or otherwise; and (iii) FRG is required to honor the Supply Agreement.  In fact, FRG purchased Fox's Food, LLC's assets after an appraisal, and Fox's

2

Foods, LLC could not have continued in business because the Supply Agreement (the terms of which were disputed) made its business operations unviable.

8.      On October 14, 2022, the State Court entered a Temporary Restraining Order which was amended on October 19, 2022 (as amended, the "TRO").  The TRO provides:

> After considering the information provided at hearing, the Court finds that Plaintiff has met its burden to demonstrate by clear and convincing evidence that it is entitled to a TRO. Accordingly, the Court issues the following orders: (1) Defendants are enjoined from abandoning and breaching the September 28, 2016 License and Supply Agreement (the "Agreement"); (2) Defendants Fox's Food LLC and FRG are enjoined from purchasing any products covered by the Agreement from anyone other than Plaintiff, except to the extent HB3 cannot meet Defendants' daily requirement of any products covered by the Agreement then Defendants shall be permitted to seek supplemental short term supply of such products from a third party supplier and may continue to use such supplier until HB3 is able to meet Defendants' daily requirement; and (3) no bond is required.

9.      As a result of the TRO, FRG has purchased HB3 products described in the Supply Agreement for more than a year.  Unfortunately, the Supply Agreement is so one-sided in favor of HB3 that FRG now finds itself in need of reorganization, especially in light of the continued litigation with HB3.  The Debtor cannot continue as a viable business if it is required to meet the demands of the Supply Agreement.  Therefore, the Debtor seeks to restructure its debts through the filing of this chapter 11 proceeding.

## III.    RELIEF REQUESTED

10.     The Debtor seeks to employ and retain BC as her counsel in connection with the filing and prosecution of this Chapter 11 Case and related matters.  The Debtor is in need of immediate and significant representation in the Case.  Accordingly, the Debtor respectfully requests entry of an order pursuant to section 327(a) of the Bankruptcy Code authorizing it to employ and retain BC as its general bankruptcy counsel to perform the bankruptcy legal services connected with this case.

4870-4587-9448v1

11.     The Debtor selected BC as its legal counsel because BC possesses the skill and expertise necessary to represent the Debtor.  BC and its attorneys have served as legal counsel to debtors and creditors in numerous complex bankruptcy, corporation, and commercial litigation matters.  Further, the Debtor wishes to proceed under Subchapter V of Chapter 11 and BC has substantial experience in Subchapter V practice.

12.     In preparing this case, BC has acquired knowledge of the Debtor's financial affairs.  BC's services are necessary to enable and assist the Debtor in performing its duties as a debtor and debtor-in-possession.

13.     Subject to Court approval under section 330(a) of the Bankruptcy Code, compensation will be payable to BC on an hourly basis, plus reimbursement of actual, necessary expenses and other charges incurred by BC.  The hourly rates charged by BC are consistent with the rates charged in other bankruptcy and non-bankruptcy matters of the type contemplated in this case, and the hourly rates are subject to periodic adjustments to reflect economic and other conditions.

14.     BC's hourly rates are set at a level designed to fairly compensate BC for the work of its attorneys and paralegals and to cover fixed and routine overhead expenses.  Hourly rates vary with the experience and seniority of the individuals assigned and may be adjusted by BC from time to time.  It is BC's policy to charge its clients in all areas of practice for all other expenses incurred in connection with a client's case.  The expenses charged to clients include, among other things, photocopying, witness fees, travel expenses, filing and recording fees, long distance telephone calls, postage, telecopier, express mail and messenger charges, and computerized legal research charges and other computer services.  BC will charge the Debtor for

these expenses in a manner and at a rate consistent with charges made generally to its other clients.

15.     The Debtor anticipates that BC will render general legal services to the Debtor as needed throughout the course of this Chapter 11 Case.  In particular, the Debtor anticipates that BC will provide, among other things, the following legal services:

a.      advise the Debtor of its rights, powers, and duties as a debtor and debtor-in-possession continuing to manage its business and property;

b.      prepare on behalf of the Debtor all necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules, and other documents, and review all financial and other reports to be filed in this Chapter 11 Case;

c.      advise the Debtor concerning, and prepare responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in this Chapter 11 Case;

d.      if necessary, advise the Debtor concerning, and assist in the negotiation and documentation of, financing agreements, cash collateral orders, and related transactions;

e.      review the nature and validity of any claims asserted against the Debtor's property;

f.      advise the Debtor concerning actions that it might take to collect and recover property for the benefit of the estate;

g.      counsel the Debtor in connection with the formulation, negotiation, and promulgation of a plan and related documents;

h.      advise and assist the Debtor in connection with any potential property dispositions;

i.      advise the Debtor concerning executory contracts and unexpired lease assumptions, assignments, rejections, and restructurings;

j.      assist the Debtor in reviewing, estimating, and resolving claims asserted against the Debtor's estate;

k.      commence and conduct litigation necessary or appropriate to assert rights held by the Debtor, and protect assets of the Debtor's Chapter 11 estate

4870-4587-9448v1

and/or assist the Debtor in retaining special litigation counsel to assist in such matters if necessary;

l.      provide general corporate, litigation, and other non-bankruptcy services for the Debtor as requested by the Debtor;

m.     attend meetings and negotiate with representatives of creditors and other parties in interest; and

n.     perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 Case.

16.    To the best of the Debtor's knowledge, and except as disclosed below and in the affidavit of Matthew T. Schaeffer (the "Schaeffer Affidavit" attached hereto as Exhibit A), BC has not represented the Debtor's creditors, or any other parties in interest, or their respective attorneys or accountants.

## V.    <u>PROPOSED COMPENSATION OF BC</u>

17.    Subject to the Court's approval, BC intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary out-of-pocket expenses.[1]  BC will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

18.    The customary and proposed hourly rates of compensation for BC's attorneys and paralegal assistants who may render services in connection with the representation of the Debtor are $210.00 -- $225.00 per hour for paralegals, $240.00 -- $400.00 per hour for associates and of counsel and $350.00 -- $700.00 per hour for members.  These rates are reviewed and adjusted periodically.

---

[1]  The hourly rates charged by BC professionals differ based on, among other things, the professional's level of experience.  These rates may change from time to time in accordance with BC's established billing practices and procedures.

4870-4587-9448v1

19.     All attorneys who will appear in this case are duly admitted to practice before the United States District Court and Bankruptcy Court for the Southern District of Ohio.  Matthew T. Schaeffer will serve as Case Attorney and the following lawyers and paralegals may perform significant services in this case:

      a.    Matthew T. Schaeffer – Of Counsel - $365.00/hour;

      b.    Adam J. Biehl – Member - $400.00/hour;

      c.    Robert B. Berner – Member - $445.00/hour; and

      d.    Joan E. Colleran – Associate - $240.00/hour.

## VI.     PRE-PETITION ADVANCES  AND PRE-PETITION PAYMENTS

20.     BC commenced its representation of the Debtor on or about September 27, 2023, and was paid a $25,000.00 retainer for consultation, preparation of a Chapter 11 filing.  BC's pre-petition legal services related to the bankruptcy petition, schedules, first-day motions, and related documents.  After the payment of BC's estimated statements through the date of filing and the filing fees, any remaining retainer will be held by BC for application against post petition services.

21.     Except for the payment described in the immediately preceding paragraph to pay the retainer for pre-petition legal fees and expenses, no other fees have been paid to BC by or on behalf of the Debtor during the one-year period prior to the Petition Date through the date of this Application.

22.     In October and November of 2022, Matthew T. Schaeffer of BC was retained by the Onda firm on behalf of the Debtor to prepare an expert opinion in state court litigation as to whether the asset purchase between the Debtor and Fox's Food was a fraudulent transfer under Ohio law.  The opinion of Mr. Schaeffer was that the transaction did not satisfy the test for

4870-4587-9448v1

fraudulent transfer under the Uniform Fraudulent Transfer Act. The amount billed for the opinion was $5,637.00 and was not paid. BC has waived the amount due in connection with its retention in this case.

## VII.   INVESTIGATION CONCERNING POTENTIAL CONFLICTS OF INTEREST

23.    The employment of BC is proper under and satisfies the provisions of Bankruptcy Rule 5002.

24.    To the best of Debtor's knowledge, information, and belief, other than in connection with this Chapter 11 Case, BC has no connection with the Debtor, its creditors, the United States Trustee ("Trustee"), or any other party with an actual or potential interest in this Chapter 11 Case or their respective attorneys or accountants, and except as set forth below otherwise herein:

   a.    BC does not and has not represented any entity, other than the Debtor in matters related to this Chapter 11 Case.

   b.    From time to time, in the representation of various clients, BC may have represented, or may represent, one or more of the creditors or other parties-in-interest in this case in unrelated matters.

25.    In connection with the proposed retention of BC by the Debtor in this Chapter 11 Case, BC researched its client data base to determine whether it had any relationship with the following entities:

   a.    The Debtor;

   b.    The Debtor's affiliates;

   c.    All known secured creditors and lessors; and

   d.    All known creditors holding pre-petition unsecured claims.

26.    Mr. Schaeffer is a Chapter 7 Trustee and Subchapter V Trustee in the Southern District of Ohio.

27.   BC determined that it has represented or is representing the following entities in matters unrelated to the Debtor:

   a.   BC may have represented, or now represents, general unsecured creditors of the Debtor (including creditors that are on the books as past vendors but with no current payables) in matters unrelated to the Debtor or to this Chapter 11 Case, including AEP, Huntington National Bank, Time Warner, Wenger Temperature Control, Inc.

All of the representations disclosed in this paragraph are as to matters that are unrelated to the Debtor or its estate.  If any actual conflicts arise relative to the entities disclosed herein, the Debtor will engage special counsel to handle such actual conflicts.  BC has used its best efforts to identify and disclose every client representation or other connection; however, if BC discovers additional information that requires disclosure, BC will file a supplemental disclosure with the Court as promptly as possible.

To the best of the Debtor's knowledge and based upon the Schaeffer Affidavit, BC does not hold or represent an interest materially adverse to the Debtor, the estate, or any class of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason, on the matters upon which BC is to be engaged, and BC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

BC has not entered into any agreement with third parties respecting the division of fees to be received in the case nor will it enter into any such agreement or other agreement prohibited by 18 U.S.C. §155.

Except as set forth herein, to the best of the Debtor's knowledge and based upon the Schaeffer Affidavit, BC has no connection with the Debtor, its twenty largest unsecured

4870-4587-9448v1

creditors, the secured creditor, real and personal property lessors, or their respective attorneys

and accountants, the Trustee, or any person employed in the office of the Trustee.

WHEREFORE, the Debtor respectfully requests the Court for an order authorizing the

Debtor to employ Bailey Cavalieri LLC to represent it in this Chapter 11 Case and related

matters, effective as of the Petition Date, upon the terms and conditions set forth herein and

granting such other and further relief as is appropriate.

Respectfully submitted,

/s/ Matthew T. Schaeffer
Matthew T. Schaeffer, Esq.    (0066750)
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, Ohio 43215
P: 614-229-3289 / F: 614-221-0479
mschaeffer@baileycav.com
*Proposed Counsel for Debtor FRG Enterprises,
LLC*

APPROVED:

**FRG ENTERPRISES, LLC**

*/s/ Jeremy Fox*
By :    Jeremy Fox
Its :    Managing Member

10

## <u>NOTICE OF APPLICATION OF DEBTOR PURSUANT TO FED. R. BANKR. P. 2014(A) FOR AN ORDER UNDER SECTION 327(A) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF BAILEY CAVALIERI LLC AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION</u>

FRG Enterprises, LLC, Debtor and Debtor-in-Possession in this case, has filed the Application Of Debtor Pursuant To Fed. R. Bankr. P. 2014(A) For An Order Under Section 327(A) Of The Bankruptcy Code Authorizing The Employment And Retention Of Bailey Cavalieri LLC As Counsel For The Debtor And Debtor In Possession.

**Your rights may be affected. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to enter an order authorizing the employment of Bailey Cavalieri LLC or if you want the Court to consider your views on the Application, then on or before **Twenty-One (21) days** from the date of issuance set forth below, you or your attorney must file with the Court a written response outlining your position and/or a written request for a hearing.

If you mail your response/request to the Court, you must mail it early enough so the Court will receive it on or before the date stated above. You must also mail a copy to:

Matthew T. Schaeffer
Bailey Cavalieri LLC
10 West Broad Street, Suite 2100
Columbus, OH 43215

Office of the United States Trustee
170 N. High Street, Suite 200
Columbus, OH 43215-2403

If the Court sets a hearing on your response/request, you must also attend the hearing.

**If you or your attorney do not take these steps, the Court may decide that you do not oppose the relief sought in the Application and may enter an order granting that relief.**

_/s/ Matthew T. Schaeffer_
Matthew T. Schaeffer

4870-4587-9448v1

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and accurate copy of the foregoing *Application Of Debtor Pursuant To Fed. R. Bankr. P. 2014(A) For An Order Under Section 327(A) Of The Bankruptcy Code Authorizing The Employment And Retention Of Bailey Cavalieri LLC As Counsel For The Debtor And Debtor In Possession* was served on the date of filing as follows: (i) electronically through the Court's ECF system on all ECF participants registered in the case at the email address registered with the Court; and (ii) via U.S. Mail on the parties set forth on the attached Mailing Matrix.

*/s/  Matthew T. Schaeffer*
Matthew T. Schaeffer (0066750 )

4870-4587-9448v1

Label Matrix for local noticing
0648-2
Case 2:23-bk-54240
Southern District of Ohio
Columbus
Wed Dec 20 15:36:03 EST 2023

(p)AMERICAN ELECTRIC POWER
ATTN JASON E REID
1 RIVERSIDE PLAZA 13TH FLOOR
COLUMBUS OH 43215-2373

AT&T
4331 Communications Dr., Floor 4W
Dallas, TX 75211-1300

Apollo Alarm
3942 E. Main Street
Columbus, OH 43213-2949

Aramark/Vestis
1900 Progress Avenue
Columbus, OH 43207-1727

Pamela Arndt
DOJ-Ust
170 North High Street
Suite 200
Columbus, OH 43215-2417

Arnold & Clifford LLP
115 West Main Street, Suite 400
Columbus, OH 43215-5099

Asst US Trustee (Col)
Office of the US Trustee
170 North High Street
Suite 200
Columbus, OH 43215-2417

Bexley Centre
3016 Maryland Avenue
Columbus, OH 43209-1590

City of Columbus Tax
77 North Front Street
Columbus, OH 43215-1895

(p)COLUMBIA GAS
290 W NATIONWIDE BLVD 5TH FL
BANKRUPTCY DEPARTMENT
COLUMBUS OH 43215-4157

Erie Insurance Group
445 Hutchinson Avenue, Suite 305
Columbus, OH 43235-5677

Experience Columbus
277 W. Nationwide Blvd., Suite 125
Columbus, OH 43215-7501

FRG Enterprises, LLC
165 North Markle Road
Columbus, OH 43209-1555

G&J Pepsi-Cola Bottlers Inc.
1241 Gibbard Avenue
Columbus, OH 43219-2438

Gordon Food Service
1300 Gezon Parkway SW
Wyoming, MI 49509-9302

HB3 LLC
6115 McNaughten Center
Columbus, OH 43232-1641

HB3 LLC dba Block's Bagels
6115 McNaughten Center
Columbus, OH 43232-1641

Happy Chicken Farms & Merry Milk Maid
2680 Lewis Centre Way
Grove City, OH 43123-1770

Hillcrest Food Service
2735 East 40th Street
Cleveland, OH 44115-3510

Hobart Service
701 South Ridge Avenue
Troy, OH 45373-5501

Keurig Dr. Pepper-7UP
53 South Avenue
Burlington, MA 01803-4903

Koorsen Fire
2719 N. Arlington Avenue
Indianapolis, IN 46218-3300

Leticia Escobar
5750 Alfie Place
Columbus, OH 43213-3505

MNG Investments
26911 Wedgewood Drive, Unit 201
Bonita Springs, FL 34134-2613

Donald W. Mallory
Wood & Lamping
600 Vine Street
Suite 2500
Cincinnati, OH 45202-2491

Mid-America Associates
560 Kirts Blvd.
Troy, MI 48084-4141

North Market
59 Spruce Street
Columbus, OH 43215-1622

Ohio Attorney General, Collections
Enforcement Section Attn Bankruptcy Unit
30 E. Broad Street, 14th Floor
Columbus, OH 43215-3414

(p)OHIO BUREAU OF WORKERS' COMPENSATION
PO BOX 15567
COLUMBUS OH 43215-0567

13

Ohio Department of Job & Family Services
Attn: Legal Support - Bankruptcy
P.O. Box 182830
Columbus, OH 43218-2830

Ohio Department of Taxation
P.O. Box 2678
Columbus, OH 43216-2678

Ohio Department of Taxation, Bankruptcy Div
P.O. Box 530
Columbus, OH 43216-0530

Ohio Restaurant Association
150 East Campus View Blvd., Suite 150
Columbus, OH 43235-6608

Onda, Labuhn, Ernsberger & Boggs
35 N. Fourth Street, Suite 100
Columbus, OH 43215-3612

Oracle America, Inc.
Buchalter, a Professional Corporation
c/o Shawn M. Christianson, Esq.
425 Market St., Suite 2900
San Francisco, CA 94105-2491

Oracle, Inc.
2300 Cloud Way
Austin, TX 78741

Plaza Properties/Bexley Centre
3016 Maryland Avenue
Columbus, OH 43209-1591

San Filipo Produce
4561 E. 5th Avenue, #3
Columbus, OH 43219-1896

Matthew T Schaeffer
10 West Broad St
Suite 2100
Columbus, OH 43215-3455

Spectrum Time Warner
Legal Response Ops. Center
12405 Powerscourt Drive
Saint Louis, MO 63131-3673

Storad Labels
126 Blaine Avenue
Marion, OH 43302-3612

Taylor Crossing Business Park LLC
c/o Capital City Brokerage Group LLC
240 Outerbelt Street, Unit #3
Columbus, OH 43213-1589

Toast POS
401 Park Drive, Ste. 801
Boston, MA 02215-3372

United Health Care
9900 Bren Road East
Minnetonka, MN 55343-4402

Verizon Wireless
Bankruptcy Admin. Dept.
500 Technology Drive, Suite 500
Saint Charles, MO 63304-2225

Wells Fargo - Oracle Financing
600 South 4th Street, 10th Floor
Minneapolis, MN 55415-1526

Zilka & Co.
720 Ligonier Drive
Bunker, PA 15639

The preferred mailing address (p) above has been substituted for the following entity/entities as so specified
by said entity/entities in a Notice of Address filed pursuant to 11 U.S.C. 342(f) and Fed.R.Bank.P. 2002 (g)(4).

AEP Ohio
1 Riverside Plaza
Columbus, OH 43215

Columbia Gas of Ohio
Revenue Recovery
PO Box 117
Columbus, OH 43216-0117

Ohio Bureau of Workers Compensation
30 W. Spring Street
Columbus, OH 43215

End of Label Matrix
Mailable recipients    47
Bypassed recipients     0
Total                  47

# EXHIBIT A

**[Exhibit A begins on the next page.]**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No: 23-54240 |
| | ) | |
| **FRG Enterprises, LLC,** | ) | **Chapter 11** |
| | ) | |
| Debtor. | ) | **Judge Hoffman** |
| | ) | |

**AFFIDAVIT OF MATTHEW T. SCHAEFFER**

STATE OF OHIO          :
                                  :ss
COUNTY OF FRANKLIN  :

Matthew T. Schaeffer ("Affiant"), being first duly sworn, states:

1.        He makes this Affidavit in support of the Application Of Debtor Pursuant To Fed.

R. Bankr. P. 2014(A) For An Order Under Section 327(A) Of The Bankruptcy Code Authorizing

The Employment And Retention Of Bailey Cavalieri LLC As Counsel For The Debtor And

Debtor In Possession ("Application").

2.        He is of counsel at the law firm of Bailey Cavalieri LLC ("BC"), which is sought,

pursuant to the Application, to be employed by FRG Enterprises, LLC, the chapter 11 debtor and

debtor-in-possession (collectively, the "Debtor").

3.        BC has not entered into an agreement with third parties concerning the division of

fees in these proceedings, nor will it enter into any such agreement or other agreement prohibited

by 18 U.S.C. § 155.

4.        Affiant and the members, of counsel, associates, and paralegals of BC who shall

assist him in connection with BC's engagement are not relatives, as defined in 11 U.S.C.

§ 101(45), of, or have been so connected with, any judge of the United States Bankruptcy Court

for the Southern District of Ohio, or the United States Trustee in the region in which the Debtor's

1

Chapter 11 Case is pending, as would render the appointment or employment of BC improper under Bankruptcy Rule 5002.[2]  For purposes of full disclosure only, Affiant notes that certain members and of counsel currently with BC worked with Judge John E. Hoffman, Jr. at the law firm of Arter & Hadden LLP, prior to his appointment to the bench.  Affiant asserts that such prior working relationship with Judge Hoffman is not improper under Bankruptcy Rule 5002 and does not render the appointment or employment of BC improper thereunder.

5.     The Debtor selected BC as its legal counsel in this Chapter 11 case because BC possesses the skill and expertise necessary to handle the variety of legal issues that may arise in this Chapter 11 proceeding.  BC has acquired this skill and expertise by handling numerous complex bankruptcy, corporate, and commercial litigation matters.

6.     The Debtor anticipates that BC will render general legal services to the Debtor as needed throughout the course of this Chapter 11 Case.  In particular, the Debtor anticipates that BC will provide, among other things, the following legal services:

   a.     advise the Debtor of its rights, powers, and duties as a debtor and debtor-in-possession continuing to manage its business and property;

   b.     prepare on behalf of the Debtor all necessary and appropriate applications, motions, draft orders, other pleadings, notices, schedules, and other documents, and review all financial and other reports to be filed in this Chapter 11 Case;

   c.     advise the Debtor concerning, and prepare responses to, applications, motions, other pleadings, notices, and other papers that may be filed and served in this Chapter 11 Case;

   d.     if necessary, advise the Debtor concerning, and assist in the negotiation and documentation of, financing agreements, cash collateral orders, and related transactions;

   e.     review the nature and validity of any claims asserted against the Debtor's property;

---

[2] Capitalized terms used in this Affidavit without definition shall have the meanings attributed to them in the Application.

f.       advise the Debtor concerning actions that it might take to collect and recover property for the benefit of the estate;

g.       counsel the Debtor in connection with the formulation, negotiation, and promulgation of a plan and related documents;

h.       advise and assist the Debtor in connection with any potential property dispositions;

i.        advise the Debtor concerning executory contracts and unexpired lease assumptions, assignments, rejections, and restructurings;

j.        assist the Debtor in reviewing, estimating, and resolving claims asserted against the Debtor's estate;

k.       commence and conduct litigation necessary or appropriate to assert rights held by the Debtor, and protect assets of the Debtor's Chapter 11 estate and/or assist the Debtor in retaining special litigation counsel to assist in such matters if necessary;

l.        provide general corporate, litigation, and other non-bankruptcy services for the Debtor as requested by the Debtor;

m.      attend meetings and negotiate with representatives of creditors and other parties in interest; and

n.       perform all other necessary legal services and provide all other necessary legal advice to the Debtor in connection with this Chapter 11 Case.

7.       Subject to the Court's approval, BC intends to (a) charge for its legal services on an hourly basis in accordance with its ordinary and customary hourly rates in effect on the date services are rendered and (b) seek reimbursement of actual and necessary out-of-pocket expenses.[3]   BC will maintain detailed, contemporaneous records of time and any actual and necessary expenses incurred in connection with the rendering of the legal services described above by category and nature of the services rendered.

8.       The customary and proposed hourly rates of compensation for BC's attorneys and paralegal assistants who may render services in connection with the representation of the Debtor

---

[3] The hourly rates charged by BC professionals differ based on, among other things, the professional's level of experience.  These rates may change from time to time in accordance with BC's established billing practices and procedures.

are $210.00 -- $225.00 per hour for paralegals, $240.00 -- $400.00 per hour for associates and of counsel and $350.00 -- $700.00 per hour for members.  These rates are reviewed and adjusted periodically.

9.      All attorneys who will appear in this case are duly admitted to practice before the United States District Court and Bankruptcy Court for the Southern District of Ohio.  Matthew T. Schaeffer will serve as Case Attorney and the following lawyers and paralegals may perform significant services in this case:

  a.      Matthew T. Schaeffer - Of Counsel - $365.00/hour;

  b.      Adam J. Biehl – Member - $400.00/hour;

  c.      Robert B. Berner - Member - $445.00/hour; and

  d.      Joan E. Colleran – Associate - $240.00/hour.

10.      BC intends to apply to this Court for allowance of compensation and reimbursement of expenses in accordance with applicable provisions of the Bankruptcy Code, the Bankruptcy Rules, the Local Bankruptcy Rules, the order(s) of the Court, and the U.S. Trustee's Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U.S.C. § 330 and, if approved, the order authorizing the retention of BC.

11.      BC commenced its representation of the Debtor related to this filing on or about September 27, 2023 and was paid a $25,000.00 retainer for consultation, preparation of a Chapter 11 filing.

12.      BC's pre-petition legal services related to potential bankruptcy consultation and related matters, including bankruptcy counseling and preparing the bankruptcy petition, schedules, first-day motions, and related documents.  After the payment of BC's estimated

4

statements through the date of filing plus the filing fees, the remaining retainer will be reserved for application against post petition fees.

13.     Except for the payment described in the immediately preceding paragraph to pay the retainer for pre-petition legal fees and expenses, no other fees have been paid to BC by or on behalf of the Debtor during the one-year period prior to the Petition Date through the date of this Application.

14.     To the best of Affiant's knowledge, information, and belief, other than in connection with this Chapter 11 Case, BC has no connection with the Debtor, its creditors, the United States Trustee ("Trustee"), or any other party with an actual or potential interest in this Chapter 11 Case or their respective attorneys or accountants, and except as set forth below otherwise herein:

     a.     BC does not and has not represented any entity, other than the Debtor in matters related to this Chapter 11 Case.

     b.     From time to time, in the representation of various clients, BC may have represented, or may represent, one or more of the creditors or other parties-in-interest in this case in unrelated matters.

15.     In connection with the proposed retention of BC by the Debtor in this Chapter 11 Case, BC researched its client data base to determine whether it had any relationship with the following entities:

     a.     The Debtor;

     b.     The Debtor's affiliates;

     c.     All known secured creditors and lessors; and

     d.     All known creditors holding pre-petition unsecured claims.

16.     BC has represented, and intends to represent, the Debtor's wholly-owned business entities should chapter 11 filings become necessary.

4870-4587-9448v1

17.     Mr. Schaeffer is a Chapter 7 Trustee and Subchapter V Trustee in the Southern District of Ohio.

18.     In October and November of 2022, the Debtor's state court litigation counsel Onda Labuhn Ernsberger & Boggs retained me on behalf of the Debtor to provide an expert opinion on a question that was pending in the state court litigation between the Debtor and HB3, LLC – namely, whether the asset purchase transaction between the Debtor and Fox's Food, LLC was a fraudulent transfer.   I concluded that the transaction did not meet the criteria for a fraudulent transfer under the Uniform Fraudulent Transfer Act.   I billed $5,637.00 to Onda Labuhn, which was not paid, and which has been waived due to BC's representation of the Debtor in this matter.

19.     BC determined that it has represented or is representing the following entities in matters unrelated to the Debtor:

  a. BC may have represented, or now represents, general unsecured creditors of the Debtor (including creditors that are on the books as past vendors but with no current payables) in matters unrelated to the Debtor or to this Chapter 11 Case, including AEP, Huntington National Bank, Time Warner, Wenger Temperature Control, Inc.

All of the representations disclosed in this paragraph are as to matters that are unrelated to the Debtor or its estate.  If any actual conflicts arise relative to the entities disclosed herein, the Debtor will engage special counsel to handle such actual conflicts.  BC has used its best efforts to identify and disclose every client representation or other connection; however, if BC discovers additional information that requires disclosure, BC will file a supplemental disclosure with the Court as promptly as possible.

20.     To the best of the Affiant's knowledge and based upon the Schaeffer Affidavit, BC does not hold or represent an interest materially adverse to the Debtor, the estate, or any class

6

of creditors or equity security holders by reason of any direct or indirect relationship to, connection with, or interest in the Debtor, or for any other reason, on the matters upon which BC is to be engaged, and BC is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code.

21.     Except as set forth herein, to the best of Affiant's knowledge, BC has no connection with the Debtor, any affiliate of the Debtor, the unsecured creditors of the Debtor, the secured creditors, real and personal property lessors or their respective attorneys and accountants, the Trustee, or any person employed in the office of the Trustee.

22.     Neither BC nor any member, of counsel, associate, or employee has received or been promised any compensation for legal services rendered or to be rendered in connection with the Debtor's Chapter 11 Case, except as permitted under 11 U.S.C. §§ 101, et seq. (the "Bankruptcy Code") and disclosed in the Application.  BC has not agreed to share compensation received in connection with the Debtor's Chapter 11 Case with any other person, except as permitted by section 504(b) of the Bankruptcy Code and Bankruptcy Rule 2016 in respect of the sharing of compensation among members of BC.

23.     To the best of Affiant's knowledge and except as set forth herein, BC has not and is not representing any creditors in this proceeding or in any related proceeding, nor has Affiant been party to any privileged or confidential information concerning this proceeding other than that provided by the Debtor.

24.     In the event a conflict arises or is identified in the future, BC will disclose the same and, if appropriate, advise the Debtor to seek the employment of special counsel.

25.     Affiant is admitted to practice before the highest court of the State of Ohio, the

Sixth Circuit Court of Appeals, and the United States District Court the Southern District and the

Northern District of Ohio and has never been the subject of any disciplinary action.

Further Affiant sayeth not.

_____
Matthew T. Schaeffer

Sworn to before me and subscribed in my presence this 21st day of December, 2023.

_____
Notary Public

Lori A. Patterson
Notary Public, State of Ohio
My Commission Expires 07/05/2028

8

**EXHIBIT B**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | **Case No: 23-54240** |
| | ) | |
| **FRG Enterprises, LLC,** | ) | **Chapter 11** |
| | ) | |
| **Debtor.** | ) | **Judge Hoffman** |
| | ) | |

**ORDER APPROVING APPLICATION OF DEBTOR PURSUANT TO FED. R. BANKR. P. 2014(A) FOR AN ORDER UNDER SECTION 327(A) OF THE BANKRUPTCY CODE AUTHORIZING THE EMPLOYMENT AND RETENTION OF BAILEY CAVALIERI LLC AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION (DOC. _____)**

This matter is before the Court upon the Application Of Debtor Pursuant To Fed. R. Bankr. P. 2014(A) For An Order Under Section 327(A) Of The Bankruptcy Code Authorizing The Employment And Retention Of Bailey Cavalieri LLC As Counsel For The Debtor And Debtor In Possession (Doc. _____) (the "Application") and upon the Affidavit of Matthew T. Schaeffer, of counsel at BC, in support of the Application (the "Schaeffer Affidavit'). Upon review of the Application and the Schaeffer Affidavit, this Court finds and concludes that:

A.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.

1

B.      This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

C.      The form and manner of service and notice of the Application were appropriate and adequate under the circumstances.

D.      No objections to the Application were filed.

E.      The Application, including the Schaeffer Affidavit, is in full compliance with all applicable provisions of the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, and the Local Bankruptcy Rules of this Court.

F.      BC does not hold or represent any interest adverse to the Debtor's estate, and is a "disinterested person" as defined in Section 101(14) of the Bankruptcy Code and as required by Section 327(a) of the Bankruptcy Code.

G.      The Debtor's employment of BC in accordance with the Application and this Order is in the best interests of the Debtor, its estate, and its creditors.

H.      The legal and factual bases set forth in the Application establish just cause for the relief requested and the Application is appropriate, well-taken, and should be approved.  It is therefore:

**ORDERED, ADJUDGED AND DECREED** that the Application of the Debtor for authority to employ BC as counsel for the Debtor shall be, and hereby is **APPROVED** in accordance with the terms set forth in the Application.  It is further:

**ORDERED, ADJUDGED AND DECREED** that the Debtor is to retain and employ BC as counsel for the Debtor in this case pursuant to the terms and conditions of the Application and section 327 of the Bankruptcy Code, effective as of the Petition Date.

**IT IS SO ORDERED**.

Copies to: Default List

2